Dear Mr. Westfall:
This letter is in response to your question asking:
 Do the acts of tuckpointing and waterproofing an existing brick building constitute construction or maintenance work for the purpose of applying prevailing wage requirements under Section 290.230
RSMo?
You also state:
 A contract was let by the Bolivar R-I School District to Tadlock Construction Company for the purpose of having the exterior of an existing brick building tuckpointed and waterproofed, the building having been built in the 1930's. Tuckpointing is where rotten or loose mortar is removed from between bricks and replaced with new mortar, and a solution then applied to the wall to prevent water penetration.
 At the time of letting the contract, no request was made for a prevailing wage determination and those working on the project were not paid the prevailing wage.
Subsection 1 of § 290.230, RSMo, provides:
 Not less than the prevailing hourly rate of wages for work of a similar character in the locality in which the work is performed, and not less than the prevailing hourly rate of wages for legal holiday and overtime work, shall be paid to all workmen employed by or on behalf of any public body engaged in the construction of public works, exclusive of maintenance work. Only such workmen as are directly employed by contractors or subcontractors in actual construction work on the site of the building or construction job shall be deemed to be employed upon public works.
As can readily be seen, the quoted provision of subsection 1 of § 290.230 contains an exception for maintenance work. Maintenance work is defined in subsection (4) of Section 290.210, RSMo, thusly:
 (4) `Maintenance work' means the repair, but not the replacement, of existing facilities when the size, type or extent of the existing facilities is not thereby changed or increased.
Subsection (1) of § 290.210 also defines "construction" as follows: "`Construction' includes construction, reconstruction, improvement, enlargement, alteration, painting and decorating, or major repair."
It seems clear that tuckpointing work and waterproofing is normally maintenance work and therefore not within the requirements of § 290.230 relating to prevailing wages. However, the definition of "construction" in subsection (1) of § 290.210
includes "major repair." Therefore, if such work is in fact major repair work, it would come within the definition of construction.
The resolution of such a factual question however is within the jurisdiction of the Department of Labor and Industrial Relations under § 290.240, RSMo.
We also enclose four prior opinions on this subject, listed below, which may be of interest to you.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosures Att'y Gen. Ops. Nos. 33-1958; 56-1968; 388-1966 and 32-1970